UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RODNEY DAVID HAGOOD,            )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No.  5:14-cv-00528-KOB-JEO
                                )
SHERIFF ANA FRANKLIN, et al.,   )
                                )
    Defendants.                 )

## MEMORANDUM OPINION

The magistrate judge filed a report on April 5, 2016, finding that the plaintiff had failed to fully exhaust available administrative remedies regarding his medical claim involving a broken tooth at the Morgan County Jail. (Doc. 45).[1]  The magistrate judge, therefore, recommended that the defendants' special report be treated as a motion for summary judgment and, as such, that it be granted with regard to the exhaustion issue and that this action be dismissed with prejudice pursuant to 42 U.S.C. § 1997e(a).  The plaintiff filed objections to the report and recommendation on May 13, 2016. (Doc. 49).

In his objections, the plaintiff contends, in pertinent part, that he filed a grievance with the Sheriff "the same day that [he] got the first grievance form from

---

[1] Specifically, the magistrate judge found that, although the plaintiff had invoked the formal grievance process at the Madison County Jail, he had failed to fully exhaust that process by submitting an appeal to the Sheriff as provided by the Inmate Handbook and as described on the original grievance form he signed. (Doc. 45 at 10).

the Warden." (Doc. 49 at 2). However, he presents no copy of this grievance form and his unsworn statement is not sufficient to overcome the testimony of Warden Bradley and the inmate records presented with the defendants' special report. More importantly, the plaintiff's statement is contradicted by assertions in his amended complaint that he sent the Sheriff "several hand mails from 9/21/13 through 9/29/13 with no response." (Doc. 11 at 5 ¶ 1). The record reveals that "hand mails" are informal written notes to jail administrators (see doc. 33-5 at 44-46), and the record contains no evidence the plaintiff submitted a *formal* appeal to the Sheriff "using the form designed for that purpose." (Doc. 33-5 at 48).[2] Where a plaintiff fails to *fully* exhaust the administrative grievance process, his claims are due to be dismissed pursuant to § 1997e(a). See *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections, the court hereby ADOPTS the magistrate judge's report and ACCEPTS the recommendation. The court finds that no genuine issues of material fact exist regarding the exhaustion of remedies requirement of 42 U.S.C. § 1997e(a), and that the defendants are entitled to summary judgment on that issue. Therefore, the

---

[2] This form is specifically identified in the Inmate Handbook as the "Appeal to the Sheriff of Resolution of Grievance form." (Doc. 33-5 at 21). The plaintiff points to nothing in the record that demonstrates he used this form to appeal the September 18, 2013, grievance decision. *Id*. at 47-48.

court concludes that the defendants' motion for summary judgment is due to be granted and this matter is due to be dismissed with prejudice pursuant to 42 U.S.C. § 1997e(a). A Final Judgment will be entered contemporaneously.

DONE and ORDERED this 1st day of June, 2016.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE